Chief Judge Desmond (dissenting).
Section 51 of the General Municipal Law is in part as follows: “ All books of minutes, entry or account, and the books, bills, vouchers, checks, contracts or other papers connected with or used or filed in the office of, or with any officer, board or commission acting for or on behalf of any county, town, village or municipal corporation in this state are hereby declared to be public records, and shall be open, subject to reasonable regulations to be prescribed by the officer having the custody thereof, to the inspection of any taxpayer.”
Petitioner seeks inspection of books, minutes and contracts of appellant Triborough Bridge and Tunnel Authority. If, therefore, the Triborough Authority is a board acting on behalf of New York City, section 51 (supra) is direct authority for granting the petition. The status of any Authority is difficult to assign to one of the traditional categories or bodies of public government, and there is no precise statute that tells us in so many words whether the Triborough Authority is “ acting for or on behalf of ” the City of New York. Obviously it is. The Authority itself so stated during the litigation which produced tax exemption for its bonds —- Commissioner of Internal Revenue v. White’s Estate (144 F. 2d 1019).
And definite criteria are available. In Easley v. New York State Thruway Auth. (1 N Y 2d 374) we examined the statutory description of the Thruway Authority and because of the close relationship of that Authority with the State held that it was at least for purposes of Court of Claims jurisdiction “ an arm or agency of the State ” (p. 376). When we apply the same kind of tests to the Triborough Authority, we necessarily conclude that it is an arm or agency of the city or, at least, is a board ‘ ‘ acting on behalf of ’ ’ the city. The relevant statutes are sections 550 et seq. in title 3 of article 3 of the Public Authorities Law. From them we learn that all the members of this Authority are appointed by the Mayor of New York City and the appointment and promotion of all its employees are under the jurisdiction of the Municipal Civil Service Commission. Not only may the Triborough Authority acquire property by purchase or condemnation in the name of the city but the city may similarly acquire property by purchase and condemnation for the Authority and, most important (see *207 Easley, supra), all rights and property of the Triborough Authority will on the payment of the Authority’s bonds vest in the City of New York as owner. All of the properties and facilities which the Authority has created or taken over and which it operates are within the City of New York and are of kinds which in other cities are managed directly by the cities themselves. The City Comptroller is the fiscal agent of the Authority and is authorized to examine its books and accounts and the Authority under certain conditions is entitled to use city employees and facilities and to engage the Corporation Counsel of the city as a legal adviser. Beal property which has been acquired in the name of the city but at the expense of the Authority may be sold or leased by the Authority as the agent of the city. There is no doubt that the Triborough Bridge and Tunnel Authority is a public body exercising functions municipal in character within the City of New York and which, except for financing and similar necessities, would be carried on by the City of New York itself.
The legislation applicable to the various Authorities is mostly ad hoc, a “ wilderness of special instances ”, so policy considerations to some extent control us in deciding whether particular statutes which do not mention Authorities do or do not apply to them. As to some such statutes (see Matter of Plumbing Assn. v. Thruway Auth., 5 N Y 2d 420, 423) we deny applicability because there seems no reason or necessity for reading them as applicable and applicability would destroy the ‘ ‘ freedom and flexibility ” necessary for functioning. But section 51 (supra) is a statute of broad sweep applicable to all governmental bodies in the State except those which are part of the State government. The high policy purpose of the part of section 51 with which we are concerned is to permit taxpayers to find out what has been done or is proposed to be done as to public business by officers or boards acting on behalf of counties, towns, villages and cities (see, also, Public Officers Law, § 66). It is in the public interest that such “ right to know ” statutes be made usable wherever possible — that is, wherever there is no positive statutory law to the contrary.
The order should be affirmed, with costs.